**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

Whole Foods Market Services, Inc.,

Plaintiff,

Case No. 1:21-cv-4-MLB

v.

AtlantaFresh Artisan Creamery, LLC, and Asset Recovery Associates, LLC,

Defendants.

________________________________/

**OPINION & ORDER**

Plaintiff Whole Foods Market Services, Inc. sued Defendants AtlantaFresh Artisan Creamery, LLC ("AtlantaFresh") and Asset Recovery Associates, LLC ("ARA") for enforcement of a promissory note, conversion of collateral, and attorneys' fees. (Dkt. 17.) On behalf of both Defendants, ARA moves to dismiss the complaint for failure to state a claim. (Dkt. 20.) The Court grants in part and denies in part that motion.

## I. Background

Defendant AtlantaFresh is a Georgia limited liability company with three members. (Dkt. 17 ¶ 2.) Plaintiff made a loan to AtlantaFresh,

documenting it with a secured promissory note in the amount of $500,000 ("Note") and a security agreement. (*Id.* ¶ 11.) Each member of AtlantaFresh guaranteed its payment and performance under the loan documents. (*Id.* ¶ 12.) As additional security, AtlantaFresh granted Plaintiff a first-priority security interest in its equipment, inventory, accounts, and farm products (collectively, the "Collateral"). (*Id.* ¶ 13.) Plaintiff recorded a UCC-1 financing statement ("Financing Statement") to perfect its security interest. (*Id.* ¶ 14.) Plaintiff agreed to defer the first payment under the Note, and AtlantaFresh executed an amendment to the Note. (*Id.* ¶ 15.) AtlantaFresh never made a payment on the Note. (*Id.* ¶ 16.)

On or about May 9, 2018, AtlantaFresh executed and delivered a deed of assignment to ARA. (*Id.* ¶ 17.) AtlantaFresh purported to convey all its assets (including the Collateral) to ARA. (*Id.* ¶ 18.) Since then, ARA has held itself out as the assignee and transferee of all AtlantaFresh's assets, including the Collateral. (*Id.* ¶ 19.) Plaintiff alleges that ARA had constructive notice and knowledge of Plaintiff's rights in the Collateral because Plaintiff recorded the Financing Statement and actual notice and knowledge of Plaintiff's rights in the

Collateral because ARA obtained copies of the loan documents. (*Id.* ¶¶ 20, 21). Plaintiff also alleges that ARA never contacted it to discuss the loan documents, the Collateral, or its claims and interest in the assignment. (*Id.* ¶ 22.) According to Plaintiff, "ARA (wrongfully) believes the Note has been or should be 'forgiven' or 'released' because an affiliate of [Plaintiff] terminated its Supplier Agreement with AtlantaFresh in 2017." (*Id.* ¶ 23.) But Plaintiff alleges this affiliate "does not have and never did have an interest in the Loan Documents." (*Id.*)

As of the date of the complaint, the entire $500,000 principal balance on the Note remains due. (*Id.* ¶ 24.) Interest in the amount of $103,726.00 has accrued as of September 4, 2020 and continues to accrue at an annual rate of 4%. (*Id.* ¶¶ 25, 26.)

Plaintiff sued AtlantaFresh and ARA. In Count I, Plaintiff seeks to enforce the Note against AtlantaFresh. (*Id.* ¶¶ 28–35.) Plaintiff alleges AtlantaFresh defaulted on the Note by failing to pay the monthly installments that came due beginning on January 1, 2017 and by executing the assignment to ARA. (*Id.* ¶¶ 29–30.) Plaintiff also says the Note automatically accelerated in full upon AtlantaFresh's execution of the assignment (i.e., May 9, 2018). (*Id.* ¶ 31.) In Count II, Plaintiff

asserts a claim for conversion against ARA, as the recipient/transferee of the Collateral. (*Id.* ¶¶ 36–45.) Plaintiff alleges the default and acceleration of the Note gave it the right to take possession of the Collateral, but ARA unlawfully took possession of it and unlawfully exercised dominion and control over it. (*Id.* ¶¶ 37–38.) In Count III, Plaintiff asserts a claim against both AtlantaFresh and ARA for attorneys' fees and expenses under O.C.G.A. § 13-6-11 and Tex. Civ. Prac. & Rem. Ann. § 38.001 (because the loan documents are governed by Texas law). (*Id.* ¶¶ 46–51.)

## II. Legal Standard

A court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Even so, a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This so-called "plausibility standard" is not a probability requirement. *Id.* Even if a plaintiff will probably not recover, a complaint may still survive a motion to dismiss for failure to state a claim, and a court reviewing such a motion should bear in mind that it is testing the sufficiency of the complaint, not the merits of the case. *Twombly*, 550 U.S. at 556.

## III. Discussion

### A. Count I: Enforcement of the Note

Plaintiff seeks to collect on the Note against AtlantaFresh. (Dkt. 17 ¶¶ 28–35.) ARA argues Count I should be dismissed because AtlantaFresh's payment obligations under the Note were released. In civil litigation, release is an affirmative defense. Fed. R. Civ. P. 8(c)(1)

(identifying release as an affirmative defense); *see also Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1986 n.9 (2017). "Generally, the existence of an affirmative defense will not support a motion to dismiss." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). But there is an exception: "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Id.* When that occurs, "the complaint has a built-in defense and is essentially self-defeating. The problem is not that plaintiff merely has anticipated and tried to negate a defense he believes his opponent will attempt to use against him; rather plaintiff's own allegations show that the defense exists." *Id.* (alteration adopted) (internal quotation marks omitted); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2021).

**1. Judicial Notice**

As support for its release argument, ARA points to a lawsuit filed by Whole Foods Market Group, Inc. and Whole Foods Market Rocky Mountain/Southwest, LP ("Whole Foods Affiliates") in Texas against ARA and others. ARA claims Whole Foods Affiliates "clearly and

unambiguously" admitted in the Texas lawsuit that the obligations under the Note have been satisfied through a release. (Dkt. 21 at 9.) This admission, ARA claims, comes from a single sentence in the Texas lawsuit complaint: "Whole Foods satisfied its obligation to release AtlantaFresh from the Secured Note" (hereinafter the "Sentence"). (Dkt. 23 at 5.) ARA asks the Court to take judicial notice of the Sentence and various documents. (Dkts. 21; 23 at 8, 12–15.)

At the motion-to-dismiss stage, the Court focuses on the sufficiency of the factual allegations in the complaint, rather than determining the veracity of those facts or identifying other underlying facts. *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (explaining that determining the legal sufficiency of the complaint requires presuming the factual allegations made in the complaint to be true). For that reason, the scope of the review on a motion to dismiss is generally limited to the complaint and any documents attached to it. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (per curiam). Under limited circumstances, however, a court can look beyond the four corners of the complaint when ruling on a motion to dismiss without converting

it into a motion for summary judgment. *DeBose v. Ellucian Co.*, 802 F. App'x 429, 433 (11th Cir. 2019) (per curiam). One circumstance is when a court takes judicial notice of certain facts. *Id.* Federal Rule of Evidence 201(b) governs when a court may do so. *See* Fed. R. Evid. 201(b). It allows courts to take notice of a fact without formal proof but only when the fact is not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Eleventh Circuit has urged caution in this regard because the judicial notice process "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [a] district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kind of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Id.* Some of the items for which ARA seeks judicial notice satisfy this standard; others do not. None compel ARA's motion to dismiss.

**a) Complaint in the Texas Lawsuit**

As explained, ARA asks the Court to take judicial notice of the complaint filed by the Whole Foods Affiliates in the Texas lawsuit, specifically the Sentence.[1] (Dkt. 21 at 7 & n.5.) ARA contends that Sentence clearly and unambiguously shows AtlantaFresh's obligations under the Note have been satisfied through a release. (*See id.* at 7 (quoting language from the Texas lawsuit complaint).) Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the motion-to-dismiss stage. *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015). Plaintiff contends "judicial notice of a court document extends only to facts not subject to reasonable dispute, such as the date the document is filed, claims asserted in the document, and statements made in the document." (Dkt. 22 at 13.) But judicial notice of a court document, Plaintiff continues, does *not* extend to the truth or accuracy of the contents of that document. (*Id.*) The Court agrees. "It is well established that a court should not take judicial notice of the accuracy of factual allegations in documents of

---

[1] This document is attached to ARA's brief in support of its motion to dismiss as Exhibit C. (*See* Dkt. 21 at 82.)

other courts." *See Fireman v. Travelers Cas. & Sur. Co. of Am.*, No. 10-81564-CIV, 2011 WL 4527405, at *4 (S.D. Fla. Sept. 21, 2011) (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Thompson v. Fla. Bar*, 526 F. Supp. 2d 1264, 1274 n.11 (S.D. Fla. 2007)); *see also United States ex rel. Carver v. Physicians' Pain Specialists of Ala., PC*, No. 13-0392-WS-N, 2017 WL 4873710, at *3 n.3 (S.D. Ala. Oct. 27, 2017) ("But even if the Court may properly take judicial notice of the affidavit and the factual assertions made therein, it can neither take judicial notice of the accuracy of those assertions nor transport those assertions into the second amended complaint."). "Rather, a court may only take judicial notice of state court allegations to establish that the allegations were made." *Fireman*, 2011 WL 4527405, at *4. The Court thus takes judicial notice of the complaint in the Texas lawsuit (and the Sentence therein), but not of the accuracy of the allegations in it. It accepts that the Whole Foods Affiliates made the allegation contained in the Sentence but does not accept that as an alleged admission Plaintiff previously released its claims against AtlantaFresh.

**b) ARA's Reply Brief**

ARA asks the Court to take judicial notice of a reply brief it filed in a lawsuit against the Whole Foods Affiliates (and others) in Gwinnett County, Georgia.[2] (Dkts. 21 at 7 n.6; 23 at 12.) ARA says its reply brief "specifically points out that [Plaintiff's] complaint in this case fails to acknowledge the inconsistent positions that have been taken regarding the release." (Dkt. 21 at 7 n.6.) ARA seeks judicial notice of this document for the "very limited purpose" of showing that the Sentence was not a mistake. (Dkt. 23 at 12.) The Court takes judicial notice of the reply in the Gwinnett lawsuit, but the Court will not take judicial notice of the accuracy of the statements therein. *See Humana*, 776 F.3d at 811 n.4 ("Courts may take judicial notice of publicly filed document, such as those in state court litigation, at the Rule 12(b)(6) stage."); *Jones*, 29 F.3d at 1553 ("[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (citation omitted)).

[2] This document is attached to ARA's brief in support of its motion to dismiss as Exhibit A. (*See* Dkt. 21 at 25.)

**c) Letter from Mr. Barber**

ARA next asks the Court to take judicial notice of a letter from Mark Barber (counsel for Plaintiff) to Chuck Pollack (counsel for AtlantaFresh) on April 27, 2018.[3] (Dkts. 21 at 8 n.6; 23 at 12.) In that letter, Mr. Barber wrote: "As you know, Whole Foods has already agreed to release any remaining debt on your client's promissory note." (Dkt. 21 at 81.) ARA seeks judicial notice of the Barber letter for the "very limited purpose" of showing that the Sentence was not inadvertent. (Dkt. 23 at 12.)

As explained above, a court may judicially notice a fact that is not subject to reasonable dispute because it either (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam). ARA argues the Barber letter fits under the latter provision—that is, it is not subject to a reasonable dispute because it can be accurately and readily determined from sources

[3] This document is attached to ARA's brief in support of its motion to dismiss as Exhibit B. (*See* Dkt. 21 at 79.)

whose accuracy cannot reasonably be questioned. (Dkt. 23 at 8.) The Court agrees. Mr. Barber (lead counsel for Plaintiff) sent the letter, and Plaintiff does not dispute its accuracy or authenticity. The Court takes judicial notice of the Barber letter for the limited purpose requested. But that does not compel acceptance of the truth of the fact asserted in the Sentence.

**d) Mr. Hempfling's Pro Hac Vice Declaration and Tennessee State Court Opinion**

ARA asks the Court to take judicial notice of a pro hac vice declaration filed by John Hempfling in the District Court for the District of Columbia involving unrelated proceedings.[4] (Dkt. 23 at 13.) In the declaration, Mr. Hempfling identifies himself as "Associate General Counsel, Litigation" for "Whole Foods Market Services, Inc." (i.e., Plaintiff). (Dkt. 21 at 102.) ARA also asks the Court to take judicial notice of a Tennessee state court opinion in an unrelated criminal prosecution in which Mr. Hempfling served as a witness for the prosecution.[5] (Dkt. 23 at 13.) The Tennessee opinion states that Mr.

---

[4] This document is attached to ARA's brief in support of its motion to dismiss as Exhibit D. (*See* Dkt. 21 at 101.)

[5] This document is attached to ARA's brief in support of its motion to dismiss as Exhibit E. (*See* Dkt. 21 at 104.)

Hempfling testified under oath that he "work[s] for Whole Foods Market Services Inc." (Dkt. 21 at 106.) ARA seeks judicial notice of these documents to establish that Mr. Hempfling—who is counsel of record for the Whole Foods Affiliates in the Texas lawsuit and who signed the declaration—is employed by Plaintiff. (Dkt. 23 at 13–14.) The Court takes judicial notice of the declaration and the Tennessee opinion, but the Court will not take judicial notice of the accuracy of the statements therein.

**e) Termination Letter**

ARA asks the Court to take judicial notice of a termination letter from Mr. Hempfling to Ron Marks (president of AtlantaFresh) dated September 5, 2017 ("Termination Letter"), which terminates the Supplier Agreement.[6] (Dkt. 23 at 14.) ARA says the Termination Letter defines "WFM" as "Whole Foods Market Group, Inc. and its affiliated entitie***s***," so "WFM" must include Plaintiff. (Dkt. 21 at 11–12 (emphasis in original).) ARA says the Termination Letter can be judicially noticed because Plaintiff has not questioned the authenticity of it and it is central

[6] This document is attached to ARA's brief in support of its motion to dismiss as Exhibit F. (*See* Dkt. 21 at 112.)

to the complaint as amended by the Texas lawsuit. (Dkt. 23 at 14.) A court may "consider documents referenced in the complaint, even if they are not physically attached, if the documents are central to the complaint and no party questions their authenticity." *Pepper v. Prime Rate Premium Fin. Corp.*, No. 1:17-cv-03871, 2019 WL 6272874, at *3 (N.D. Ga. Nov. 25, 2019) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). "A document is central to a complaint when it is a 'necessary part of the plaintiff's effort to make out a claim.'" *Id.* (alteration adopted) (citations omitted); *see also Kalpakchian v. Bank of Am. Corp.*, 832 F. App'x 579, 583 (11th Cir. 2020) (per curiam). The Termination Letter does not meet this standard. It is not a necessary part of Plaintiff's effort to make out any of its claim. If anything, it is a necessary part of ARA's effort to establish its release defense.[7] The Court will not consider the Termination Letter at this stage. *See Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1353 (S.D. Fla. 2015) ("Documents that are relevant to the defendant's affirmative defenses, rather than the

---

[7] It arguably is not even necessary for that purpose, as ARA seems to think it can establish a release defense if the Court takes judicial notice of only the Sentence in the Texas lawsuit complaint. (*See* Dkt. 23.)

plaintiff's claim, will fail to meet the centrality requirement." (citing *Lockwood v. Beasley*, 211 F. App'x 873, 877 (11th Cir. 2006) (per curiam))); *Humphrey v. City of Headland*, No. 1:12-cv-366-WHA, 2012 WL 2568206, at *1 n.1 (M.D. Ala. July 2, 2012) ("[When a document] is not central to the Plaintiffs' claims, but is central, instead, to the Defendants' proposed defenses to liability . . . the court will not consider the contents of the Defendants' proposed exhibit.").

**2. Failure to State a Claim**

After careful consideration of the complaint and the judicially noticed documents, the Court denies ARA's motion to dismiss as to Count I. The Sentence does not dispositively establish a release. Even though the Court took judicial notice of the complaint in the Texas lawsuit (and thus the Sentence), it cannot take judicial notice of the accuracy of the assertions therein nor transport those assertions into the complaint in this case. *Carver*, 2017 WL 4873710, at *3 n.3. "While the fact that [the Whole Foods Affiliates'] made certain allegations in another action [or in a latter at another time] may be evidence that those allegations are true, they do not establish the issue dispositively for the purpose of a motion to dismiss." *Fireman*, 2011 WL 4527405, at *4. Even assuming the

Sentence constitutes a binding admission in the Texas lawsuit, it is not a binding admission in this lawsuit. *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 n.17 (11th Cir. 2009) ("Normally judicial admissions are binding for the purpose of the case in which the admissions are made, not in separate and subsequent cases." (citing *In re Raiford*, 695 F.2d 521, 523 (11th Cir. 1983))). Moreover, ARA failed to address—let alone establish in its favor—the threshold issue of whether anyone other than Plaintiff (such as the Whole Foods Affiliates) can release a debt owed Plaintiff.

ARA believes it has laid a skein of judicially noticeable facts that somehow legally ties Plaintiff to the admission in the Sentence. A statement in a complaint in a separate proceeding, added to a reply brief in another case, plus a pro hac vice application in yet another case, combined with a couple of letters and "voila"—ARA says—no need for litigation. Perhaps discovery will validate ARA's assumptions, assertions, and allegations. Perhaps not. But that is one purpose of litigation: to allow discovery of relevant facts and their legal ramifications (if any). ARA cannot circumvent the process through its

tangled web of judicially noticed items. The Court denies ARA's motion to dismiss as to Count I.

**B. Count II: Conversion**

In Georgia, "a secured creditor has a right of action for conversion if property subject to its security interest is disposed of without the creditor's authorization." *Bearoff v. Craton*, 830 S.E.2d 362, 376 (Ga. Ct. App. 2019) (quoting *All Bus. Corp. v. Choi*, 634 S.E.2d 400, 403 (Ga. Ct. App. 2006)). "The elements of such a claim include the showing of a valid security interest in the debtor's property, disposition of that property, absence of the creditor's authorization for the disposition, and resulting damage to the creditor."[8] *Id.* (quoting *All Bus. Corp.*, 634 S.E.2d at 403). ARA argues the complaint fails to plausibly allege two of the elements of a conversion claim applicable to secured creditors. (Dkt. 23 at 3.)

[8] In its brief in support of its motion to dismiss, ARA provided the test for a "traditional" conversion claim. (Dkt. 21 at 16–17.) That test does not apply, as this case involves the tort of conversion applicable to secured creditors. *See Bearoff*, 830 S.E.2d at 375–76 (setting forth the elements for a traditional conversion claim and the elements for a conversion claim applicable to secured creditors). Plaintiff pointed this out in its response (Dkt. 22 at 20–21), and both parties then discussed the correct test in the response and reply briefs (Dkts. 22 at 21; 23 at 3–4).

First, ARA argues the second element has not been adequately pled because Plaintiff has not plausibly alleged there has been a disposition of the Collateral. (*Id.*) The complaint alleges "AtlantaFresh purported to convey all of its assets, including the Collateral, to ARA under the General Assignment" and after "the General Assignment, ARA has held itself out as the assignee and transferee of all of AtlantaFresh's assets, including the Collateral." (Dkt. 17 ¶¶ 18–19.) Accepting these facts as pleaded to be true and construing all reasonable inferences in the light most favorable to Plaintiff, the Court finds Plaintiff has adequately pled the second element to survive the motion-to-dismiss stage. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) ("The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983))).

Second, ARA argues the third element has not been adequately pled because "[n]owhere in the [c]omplaint does [Plaintiff] affirmatively allege—not even a single conclusory allegation—that there was an 'absence' of [Plaintiff's] 'authorization' for the purported 'disposition.'"

(Dkt. 23 at 4.) The Court agrees. The complaint does not allege there was an absence of Plaintiff's authorization for the alleged disposition. While a plaintiff need not "allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)). There are no allegations from which the Court can reasonably infer the absence of Plaintiff's authorization for the alleged disposition. The Court dismisses the conversion claim. *See Ralls Corp. v. Huerfano River Wind, LLC*, 27 F. Supp. 3d 1303, 1327–28 (N.D. Ga. 2014) (dismissing a conversion claim for failure to allege one of the elements).

The Court recognizes Plaintiff's allegation that ARA took and retained possession of the Collateral "unlawfully" but does not believe this single word constitutes an allegation that ADA acted without authorization. It comes close, however. In the light of this allegation and Plaintiff's overarching allegation that ADA acted improperly, the Court

anticipates Plaintiff's ability to allege adequately this element. The Court thus invites and permits Plaintiff to file an amended complaint if it can plausibly allege this missing element of its conversion claim.

**C. Count III: Attorneys' Fees**

Plaintiff seeks attorneys' fees against both AtlantaFresh and ARA. (Dkt. 17 ¶¶ 46–51.) ARA argues Plaintiff failed to state a viable claim for attorneys' fees. (Dkt. 21 at 22–23.) ARA first argues this claim fails because it is derivative and thus not viable since the underlying claims are not viable. (*Id.* at 22.) That general proposition is true. *See Kammerer Real Est. Holdings, LLC v. Forsyth Cnty. Bd. of Comm'rs*, 806 S.E.2d 561, 564 (Ga. 2017) ("[A] claim for attorney fees under OCGA § 13-6-11 is a derivative claim . . . ."); *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) ("To recover attorney's fees under section 38.001, a party must prevail on the underlying claim and recover damages."). The Court must dismiss this count as to ARA because the Court determined the underlying claim against ARA (e.g., conversion of collateral) is due to be dismissed, at least until Plaintiff files another amended complaint. The Court will not, however, dismiss this count as to AtlantaFresh on

this ground because the Court determines the underlying claim against AtlantaFresh (e.g., enforcement of the Note) is not due to be dismissed.

ARA next argues that Plaintiff's claim under Tex. Civ. Prac. & Rem. Ann. § 38.001 should be dismissed because that statute does not apply to limited liability companies ("LLCs"), such as ARA and AtlantaFresh. (Dkt. 21 at 22–23.) The Court agrees. Under the statute, "[a] person may recover reasonable attorney's fees from *an individual or corporation* . . . ." Tex. Civ. Prac. & Rem. Ann. § 38.001 (emphasis added). The statute on its face does not apply to LLCs. And Texas state courts have found it does not apply to LLCs. *See, e.g.*, *Alta Mesa Holdings, LP v. Ives*, 488 S.W.3d 438, 453–55 (Tex. App. 2016) (concluding that attorneys' fees cannot be recovered against an LLC under § 38.001 based on the statute's plain language, the distinctions between corporations and LLCs, and the statute's history); *8305 Broadway Inc. v. J&J Martindale Ventures, LLC*, No. 04-16-00447-CV, 2017 WL 2791322, at *4–5 (Tex. App. 2017) (agreeing with *Alta Mesa*); *Spicer v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 128–29 (Tex. App. 2020) (collecting cases). Accordingly, Plaintiff is not entitled to recover attorneys' fees against AtlantaFresh and ARA under Tex. Civ.

Prac. & Rem. Ann. § 38.001 because both AtlantaFresh and ARA are LLCs.

The Court dismisses this claim entirely as to ARA (subject to an amended complaint). As for AtlantaFresh, the Court dismisses Plaintiff's claim under Tex. Civ. Prac. & Rem. Ann. § 38.001 but not O.C.G.A. § 13-6-11.

## IV. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** ARA's Motion to Dismiss (Dkt. 20). The Court **DISMISSES** Count II and part of Count III. Absent any other instructions from the Court, Plaintiff must file any amended complaint within thirty (30) days from the date of this order.

**SO ORDERED** this 23rd day of August, 2021.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE